UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLEN WELCH (#323336)** | **CIVIL ACTION** |
| **VERSUS** | |
| **N. BURL CAIN, WARDEN** | **NO. 12-0038-JJB-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 18, 2012.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

In the State's Response to the petitioner's application for a writ of habeas corpus, the State contends that the application is untimely, having been filed more than one year after the finality of the petitioner's conviction.  Specifically, the State contends that the petitioner allowed 258 days of the one-year limitations period to elapse between the finality of his conviction and the filing of his application for post-conviction relief ("PCR") in state court, and then allowed an additional 115 days to elapse between the conclusion of his post-conviction relief proceedings and his filing of a habeas corpus application in this Court.  Thus, the State argues that more than one year, or a total of 373 days, elapsed during which the petitioner did not have any applications for post-conviction or other collateral relief pending in the state courts which might have tolled the limitations period.  This contention, however, appears to be incorrect.

First, upon the finality of the petitioner's conviction on December 2, 1999, i.e., 90 days after the Louisiana Supreme Court denied review in connection with his direct appeal, it appears that the petitioner allowed only 248 days to elapse, not 258 days as submitted by the State, before he filed his PCR application in state court,.  Specifically, the "mailbox rule" set forth in Houston v. Lack, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), establishes that the date of filing of a habeas application by an incarcerated petitioner is deemed to be the date upon which the petitioner submits the application to prison officials for placement in the prison mailing system, not the date upon which it is thereafter received and docketed in the pertinent court.  In the instant case, it appears that the petitioner signed his PCR application on August 6, 2000, and it is likely that he submitted

same to prison officials for mailing on that date. Utilizing this date instead of the date suggested by the State, August 16, 2000 (the date that the application was received in the state court), results in the conclusion that only 248 days elapsed between the finality of the petitioner's conviction and the filing of his PCR application. Second, and again utilizing the "mailbox rule", it appears that only 111 days elapsed, not 115 as suggested by the State, between the conclusion of his PCR proceedings in state court on September 30, 2011, and the signing of his federal habeas application on January 19, 2012 (which was thereafter docketed on January 23, 2012) . It thus appears that a total of only 359 days (248 plus 111) elapsed of the applicable one year limitations period, not 373 days, and the petitioner's application thus appears to be timely.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus be found to be timely and that the State be directed to file a supplemental memorandum within twenty-one (21) days of the date of the Court's action upon this Recommendation, substantively addressing the petitioner's claims herein. It is further recommended that, in the event that the State has not already done so, the State shall supplement the record with those portions of the state court record necessary for a full and complete review of the petitioner's substantive claims.

Signed in Baton Rouge, Louisiana, on April 18, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**