UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLENN WELCH (#323336)** | **CIVIL ACTION** |
| **VERSUS** | |
| **N. BURL CAIN, WARDEN** | **NO. 12-0038-JJB-DLD** |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October, 30, 2012.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GLENN WELCH (#323336)**                                                   **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, WARDEN**                                                **NO. 12-0038-JJB-DLD**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the Motion to Dismiss of the State of Louisiana, rec.doc.no. 18.

On or about January 19, 2012, the petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In a supporting Memorandum submitted in connection therewith, the petitioner provided on page 2 thereof a list of "Questions Presented" and on page 20 thereof a list of "Claims" asserted in this proceeding. In response to the petitioner's application, the State of Louisiana filed the instant Motion to Dismiss, arguing that inasmuch as some of the petitioner's "Questions Presented" had not been explicitly asserted before the Courts of the State of Louisiana, the habeas application was subject to dismissal as being a "mixed petition", i.e., as presenting both claims which had been exhausted through the state courts and claims which had not been so exhausted, citing Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982) (holding that a habeas application containing both exhausted and unexhausted claims must ordinarily be dismissed). The petitioner, however, thereafter filed a motion which was granted by the Court, see rec.doc.nos. 21 and 22, and which amended and clarified the petitioner's application so as to make it clear that the claims asserted in this proceeding are those listed as "Claims" beginning on page 20 of the supporting Memorandum. In response, the State of Louisiana has now filed a Supplemental Response to the petitioner's application, wherein the State has addressed each of the petitioner's "Claims" and wherein the State no longer asserts that the petitioner's

application should be dismissed as presenting a "mixed petition."  The State, therefore, has apparently abandoned its contention that the petitioner's application should be dismissed for this reason.  Accordingly, the pending Motion to Dismiss, rec.doc.no. 18, should be denied as moot.

## RECOMMENDATION

It is recommended that the Motion to Dismiss filed by the State of Louisiana, rec.doc.no. 18, be denied as moot and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on October 30, 2012.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**